# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

ERNESTINE RODGERS, )
)
    Plaintiff, )
)
v. )    CAUSE NO.: 1:13-CV-157-TLS
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
)
    Defendant. )

## OPINION AND ORDER

This matter is before the Court on the pro se Plaintiff, Ernestine Rodgers's, Complaint
[ECF No. 1] filed on May 14, 2013. The Plaintiff then filed a document [ECF No. 21] on
February 25, 2014, which this Court construes as an opening brief. The Government filed a
Response [ECF No. 23] on February 28, 2014, and the Plaintiff filed what the Court construes as
a Reply [ECF No. 26] on May 13, 2014. The Plaintiff's Appeal of the Administrative Law
Judge's decision was filed on a standard form Complaint. Her brief simply included a medical
record from a doctor visit on February 25, 2014.

The Court construes pro se filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
In this case the Plaintiff's filing of a recent medical record appears to be a request that the Court
remand the case in accordance with sentence six of 42 U.S.C. § 405(g). Under that provision the
Court may remand a case for the consideration of new evidence, "but only upon a showing that
there is new evidence which is material and that there is good cause for the failure to incorporate
such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The Government
argues that even when construing the Plaintiff's filing as such a request, the argument fails
because the new evidence is immaterial for two reasons. First, the medical report does not add

any objective findings or observations that would have altered the outcome. Second, the medical report the Plaintiff filed is from a 2014 Doctor visit, which does not provide any evidence related to the time frame of the ALJ's decision. The ALJ's decision only adjudicated the time period from December 1, 2009, through September 23, 2011. The Plaintiff's Reply [ECF No. 26] simply states that her medical conditions have worsened since 2011 and that she is taking high blood pressure medicine, is taking insulin daily, and is taking other medications.

In Social Security cases, evidence is material if it creates "a reasonable probability that the ALJ would have reached a different conclusion had the evidence been considered." *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005). The report produced by the Plaintiff is largely made up of a summary of her own subjective observations. The report states that the "patient can not sit for long periods of time or stand for long periods of time," but there is no evidence in the report that this is anything more than a summary of the Plaintiff's subjective complaints. *See Rice v. Barnhard*, 384 F.3d 363, 371 (7th Cir. 2004) ("medical opinions upon which an ALJ should rely need to be based on objective observations and not amount merely to a recitation of a claimant's subjective complaints."). Because the medical report essentially reiterates the Plaintiff's subjective complaints, it fails to satisfy the "reasonable probability" standard set forth above.

Even if the Plaintiff's new evidence was substantively material, the Appeal would still fail. "[N]ew evidence is material only if it is relevant to the claimant's condition during the relevant time period encompassed by the disability application under review." *Schmidt*, 395 F.3d at 742; *see also Kapusta v. Sullivan*, 900 F.2d 94, 97 (7th Cir. 1990) (finding new evidence is only material if if deals with the claimant's condition during the applicable time period). The ALJ's decision dealt only with the time period of December 1, 2009, to September 23, 2011. The

Doctor the Plaintiff visited in 2014 primarily summarizes the Plaintiff's complaints about her back pain worsening in the last year (prior to the February 25, 2014 appointment). This simply fails to establish a reasonable probability that she had back pain severe enough to show a disability prior to September 23, 2011. The report, in fact, has no bearing on the Plaintiff's condition for the time period adjudicated by the ALJ.

Although the Plaintiff has filed pro se, she has still failed to present legal arguments allowing the Court to reverse or remand the ALJ's decision. *Cadenhead v. Astrue*, 410 F. App'x 982, 984 (7th Cir. 2011) ("Appellants, including those who are *pro se*, must present arguments supported by legal authority and citations to the record."). Generalized claims of error are insufficient to challenge an adverse ruling. *Id.*

For all the forgoing reasons, the Court AFFIRMS the Commissioner's decision.

SO ORDERED on August 26, 2014.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT